United States District Court
Southern District of Texas
**ENTERED**
July 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMEKA ANDERSON-DIAZ, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 24-573 |
| | § | |
| NORDSTROM, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Online shopping is a wonderful convenience. But every online shopper knows that it comes with several limits. One is the inability to lay eyes and hands on the item before it is paid for and leaves the store. As a result, mistakes can be made, on both ends of the transaction. If the mistake is on the retailer end and the wrong item is sent, the responsible retailer generally accepts the return of the incorrect item and sends the correct item. End of story.

Not so in this case. The plaintiff, Comeka Anderson-Diaz, is not only an online shopper; she is a lawyer and a clinical professor in leadership at the University of Houston. Despite her education and credentials, she is taking up federal court time and resources on her dissatisfaction over how Nordstrom handled her online order for a pair of Christian Louboutin shoes. She initially received the wrong pair of Christian Louboutin shoes. (Docket Entry No. 1-5 at 4, ¶ 10). Nordstrom offered to replace the shoes, (*Id*. at 4, ¶ 11), or send her a refund. (Document Entry No. 13). She demanded that Nordstrom allow her to keep the correct pair of shoes AND the full refund price. (Docket Entry No. 1-5 at 5, ¶¶ 14, 19(1)). She filed suit over this demand. (Docket Entry No. 1-5 at 3). Now, she demands the correct pair of shoes AND the full refund price AND several other categories of damages. (*Id*. at 6, ¶ 22). At the initial conference held before this court on April 23, 2024, Anderson-Diaz would not stipulate to keeping her damages below

$75,000. Because Anderson-Diaz asserts that she is entitled to recover treble damages, including damages for the time she spent dealing with the shoe issue and her "mental anguish," and her attorneys' fees, it is facially apparent from her complaint that the jurisdictional amount is met. Because the parties are diverse, this court has jurisdiction over her claim as a result. Nordstrom has moved for summary judgment. (Document Entry No. 13). Anderson-Diaz has not responded. The motion for summary judgment is granted.

Anderson-Diaz asserted only one cause of action: a violation of the Deceptive Trade Practices Act, Texas Business and Commerce Code § 17.44(a). (Document Entry No. 1-5 at 5). Her claim fails. Nordstrom did not knowingly pass off goods as those of another. (Docket Entry No. 13-1). The evidence shows that Nordstrom shipped the box of shoes that a vendor had packed and sent to the Nordstrom warehouse. (*Id.*). The box was marked as containing the pair of shoes that Anderson-Diaz ordered. (*Id.*). The box did not contain those shoes, but the mistake was not systemic, and it was not Nordstrom's mistake. (*Id.*). When Anderson-Diaz brought the vendor's mistake to Nordstrom's attention, Nordstrom promptly offered to rectify it. (*Id.*). There was no harm, and there is no claim. See *Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 387 (Tex. App.-Tyler 2009, pet. denied) (when a defendant's misrepresentation causes no resulting harm, a plaintiff cannot assert an actionable DTPA claim); *Richardson v. Duperier*, 2005 WL 831745, at *5 (Tex. App. Apr. 12, 2005) (there is no DTPA claim when the plaintiff's allegations were premised on the defendant's "alleged failure to perform the contract").

If Anderson-Diaz claims unconscionability, she has severely degraded that term. There is no "gross unfairness" here. See Tex. Bus. & Com. Code Ann. §17.45(5). To the contrary. Anderson-Diaz acted like a sophisticated consumer who understood how to address and correct an

online retail mistake. There is no basis for a federal court to act. There is no basis for Anderson-Diaz to ask a federal court to do so.

This court grants summary judgment dismissing Anderson-Diaz's claim, with prejudice. Final judgment is separately entered.

SIGNED on July 30, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge